**In re Lorys O. BOHMAN, Barbara A. Bohman, Debtors.**

**Bankruptcy Case 3–86–00958.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 27, 1987.

David E. Bowers, Lima, Ohio, for Travelers Ins. Co.

Lorys O. Bohman and Barbara A. Bohman, pro se.

M. Quinn, Asst. U.S. Atty., Dayton, Ohio, for U.S.

## DENIAL OF CONFIRMATION

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court on May 20, 1987 for confirmation of the amended plan of reorganization filed by the debtors

on March 20, 1987 and the rejection and objection to the amended plan filed by Farmer's Home Administration (FmHA), a secured creditor. The case was referred to this court in accordance with 28 U.S.C. § 1334 and is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(L), confirmations of plans. The Court has jurisdiction to enter a final order in the case. The following opinion shall constitute the Court's findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052.

FmHA filed its objection on May 8, 1987, on the grounds that the plan fails to comply with the provisions of 11 U.S.C. §§ 1129(a)(8), (a)(7), (a)(3), (a)(1) and objecting generally that the plan was based on unreasonable and unrealistic income and expenses, alleging the debtors-in-possession (Bohmans) have understated the value of the farm, and alleging failure of the Bohmans to cooperate with creditors in the past. At the hearing Travelers Insurance Company (Travelers) raised arguments against confirmation, and stated it elected to have its claim treated as a non-recourse claim under 11 U.S.C. § 1111(b)(2). Bohmans objected to the election as being untimely.

The court will consider the objections of FmHA and the arguments of Travelers Insurance Company in accordance with 11 U.S.C. § 1129(a). In addition, the court has the duty to confirm a plan only if all of the requirements in that section of the bankruptcy code are met. *In re Nolen Tool Co.*, 50 B.R. 488 (Bankr. W.D.Ark.1985). *In re Coastal Equities, Inc.*, 33 B.R. 898, 11 BCD 62 (Bankr. S.D.Cal.1983).

The court has considered the arguments of counsel, the representations of counsel at the hearing, memoranda filed by each party, prehearing and posthearing, and the bankruptcy case record.

The amended plan filed March 20, 1987 requested use of "cram down" provisions under 11 U.S.C. § 1129(b). The plan divided the secured creditors into separate classes and proposed to pay Travelers $196,000, being the value of the farm land determined by the court, over thirty (30) years at eight and one-half percent (8½)

interest, FmHA $131,000 over thirty (30) years at five percent (5%) interest, and nothing to Diane R. Kunk, who filed a statement forgiving the debt. The plan proposed the Bohmans would pay the unsecured claims of Travelers and FmHA, resulting from their claims being in excess of the value of their collateral, an amount to each claim of fifteen percent (15%) of the net profit derived from the dairy operation for a period of five (5) years. The amended plan further proposed that the debtors would retain all their property to continue the operation of the dairy business as the means of funding the plan. All outstanding liens were to remain until the plan payments were completed. Further, the confirmation of the plan would act as a discharge for all liabilities dischargeable under 11 U.S.C. § 1141. The debtor has imposed the provisions of "cram down" under 11 U.S.C. § 1129(b). The court must consider the eleven (11) requirements for confirmation, all of which must be met with the exception of 11 U.S.C. § 1129(a)(8), which requires each class to accept the plan or be nonimpaired.

First, Travelers Insurance Company (Travelers) counsel stated at the confirmation hearing that Travelers elected under 1111(b) to have its claim treated as a non-recourse secured claim to the extent that the claim is allowed, notwithstanding § 506(a) of title 11.

After the confirmation hearing debtor-in-possession objected to the election on the grounds that the election was untimely pursuant to Bankruptcy Rule 3014.

An election of application of § 1111(b)(2) of the Code by a class of secured creditors in a chapter 9 or 11 case may be made at any time prior to the conclusion of the hearing on the disclosure statement or within such later time as the court may fix. The election shall be in writing and signed unless made at the hearing on the disclosure statement. The election, if made by the majorities required by § 1111(b)(1)(A)(i), shall be binding on all members of the class with respect to the plan.
Bankruptcy Rule 3014

In the instant case, the disclosure hearing was held on January 15, 1987. At the same time it was requested that a valuation hearing be held for the determination of the value of the real estate on which Travelers has the first and second lien. Travelers contends that the valuation hearing resulted in possible treatment of its claim differently from that which was apparent at the time of the hearing on the disclosure statement and that there was implied authorization for Travelers to make the § 1111(b) election thereafter.

Travelers did not make the election in writing, nor orally at the disclosure statement hearing, nor request an extension of time within which to make the election. The court must apply Bankruptcy Rule 3014 as it is clearly written. The amended plan of reorganization did not differ materially from the first plan of reorganization which was based upon the Disclosure Statement approved February 19, 1987. The amended plan reduced the interest rate on Travelers secured claim based on value of collateral from nine percent (9%) to eight and one-half percent (8½%), provided Travelers a higher principal payment, and provided an annual payment of fifteen percent (15%) of net income on each of the unsecured claims of Travelers and FmHA. The § 1111(b) election of Travelers was not made timely under B.R. 3014 requirements. Therefore, the Bohman objection to the election is SUSTAINED.

The objections of FmHA and Travelers will be considered after the court has made its review of the confirmation requirements.

### REVIEW BY THE COURT

Coming to the court's duty to determine whether all elements have been met, the Bohmans' retention of property in the form of the interest in the farm is a serious impediment to plan confirmation. § 1129(b) provides that the plan must be "fair and equitable" to a dissenting class of unsecured creditors. It also requires that all classes of unsecured creditors be paid in full before any junior class of creditors, including claims or interests, receives any distribution or retains any interest in property under a confirmed plan. 11 U.S.C. § 1129(b)(2)(B)(i) and (ii). This concept is the absolute priority rule and is part of the "fair and equitable" requirement which the court must consider in determining confirmability of a plan. The evolution of bankruptcy law has provided an exception to the absolute priority rule when a holder of a claim or a debtor may receive a distribution or retain an interest when all senior classes of creditors have not been paid in full under the plan. The exception recognizes that absolute priority is not required if the holder of the claim or interest makes a contribution of new capital in the form of money or moneys worth that is reasonably equivalent in value to the interest retained or the distribution received. *In re U.S. Truck Co., Inc.*, 800 F.2d 581 (6th Cir. 1986), *In re Potter Material Service, Inc.*, 781 F.2d 99 (7th Cir.1986); *In re Jartran, Inc.*, 44 B.R. 331 (Bankr.N.D.Ill.1984); *In re Landau Boat Co.*, 8 B.R. 436, 7 BCD 255 (Bankr.W.D.Mo.1981).

In the Eighth Circuit case of *In re Ahlers*, 794 F.2d 388 (8th Cir.1986), the majority of the court expanded the exception to the absolute priority rule by holding that a farmer's plan could be confirmed when the farmer contributed personal services in the form of labor, experience and management as a substitute for money or property in exchange for the retention of his interest in the farm under the plan.

In this case the court must determine whether the Bohmans' plan meets the requirements of the modified exception to the absolute priority rule as the *Ahlers* court required. The issue here is the same as the court faced in *In re Baugh*, 73 B.R. 414, 15 BCD 1269 (Bankr.E.D.Ark.1987) where the question was posed "whether the farmers new contribution is reasonably equivalent to the ownership interest the farmer would retain under the plan, *In re Ahlers*, 794 F.2d at 402." Agreeing with the *Ahlers* court, the Judge in the *Baugh* case stated the court must consider the degree of the farmer's experience, his knowledge of his crops and the farmland to be cultivated under the plan as well as the

amount of time the farmer proposed to spend working on the farm and other factors to consider valuing the farmer's labor. In this case we must consider the Bohmans' labor, management skills and expertise to be contributed in operating the dairy operation. There was no evidence presented explicitly stating the amount of time, length of experience or management skill of the Bohmans. More importantly, there is no evidence of the value of the Bohmans' proposed retained interest. Without knowing the value of the interest retained and the value of the labor, experience and management to be contributed, the court has no way to determine the equivalency, or lack thereof, of the contribution to the value of the retained interest.

The plan proposed that the debtors receive $15,141.50 per year as living expenses. To calculate the value of the proposed retained interest one would have to find the amount, if any, exceeding the living expenses which the Bohmans will contribute. There is no evidence to suggest a proper capitalization rate required to provide such annual income, so the value for the retained interest was not established. The court has no means to determine whether the value of the debtors' proposed contribution of services and the interest retained are "reasonably equivalent". In the *Baugh* case the court said:

> The majority in *Ahlers* also recognized that due to the problematical nature of the valuation of a farmer's contribution of future services, the proposed plan, to be equitable, must allow the unsecured creditors to receive a pro rata share of any equity or excess profit a farmer may realize if his farming operation becomes successful under the plan.... the likelihood of economic recovery from many farming operations in the near future is uncertain at best. Therefore, it is implicit in the *Ahlers* decision that the unsecured creditors chances of recovery should not be diminished by an unrealistic plan length. In the present case, the debtors' plan proposes to exist for only five years, after which the unsecured creditors would not share in any increase in equity or profits.

In re *Baugh*, 73 B.R. 414, 15 BCD 1269 at 1273.

It is significant that the Bohmans' plan provides for only five years of payments to the two unsecured creditors of a total of thirty percent (30%) of annual net income. Bohmans' plan also denies unsecured creditors a meaningful opportunity to share in the future benefits of an improved farm economy. The *Ahlers* case has the equitable safeguard for creditors which allows unsecured creditors to obtain benefits from the plan in the future if the farm economy improves. In the Bohman plan, secured creditors have no guarantee that anything will be paid. The two unsecured creditors, Travelers and FmHA, will each be paid fifteen percent (15%) of net income annually. If there is no net income, no payment is due.

Bohmans' amended plan does not meet the requirements of the exception to the absolute priority rule enunciated in the *Ahlers* case. By providing for retention of their interest in the farm without benefitting unsecured creditors, the Bohmans have not treated the unsecured creditors in a "fair and equitable" manner under 11 U.S.C. § 1129(b). The Bohmans could make the plan fair and equitable by providing that any cash flow in excess of the anticipated amount in the plan would be paid to the unsecured creditors on a pro rata basis until they are paid in full. *In re Ahlers*, supra at 403.

The amended plan cannot be confirmed as proposed. The objections of FmHA dealing with feasibility and Travelers objections are not considered because the plan as proposed cannot be confirmed.

The objection to confirmation is SUSTAINED. The Bohmans are granted thirty (30) days within which to file a proposed modified plan which conforms to this decision, extends the time of the plan to provide for the Bohmans' contribution to equal or exceed the value of the retained ownership and which provides that any cash flow in excess of the amount anticipated in the plan would be paid to the unsecured creditors on a pro rata basis until they are paid

in full. If the Bohmans take no action within thirty days, the case is DISMISSED without prejudice to their filing for relief under other chapters of the bankruptcy code.